UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JENNIFER CHENG,<br>Plaintiff,<br>v.<br>BOMBAS LLC,<br>Defendant. | CASE NO. 2:26-cv-02598-LK<br>ORDER TO SHOW CAUSE |

This matter comes before the Court sua sponte. For the reasons stated below, the Court orders Defendant Bombas LLC to show cause why this case should not be remanded to King County Superior Court for lack of Article III jurisdiction.

## I. BACKGROUND

This case is a proposed class action against Bombas for allegedly sending emails with false and misleading subject lines in violation of Washington's Commercial Electronic Mail Act ("CEMA"), Wash. Rev. Code § 19.190, and Washington's Consumer Protection Act ("CPA"), Wash. Rev. Code § 19.86. Dkt. No. 1-2 at 18–22. Plaintiff Jennifer Cheng complains that Bombas

sends emails with subject lines that "created the false impression that its discounts are limited in time." *Id.* at 4. She alleges that the subject lines state that advertised discounts "were set to expire soon, or on a specific date," but that these are false deadlines "were either extended upon expiration or another comparable sale began shortly thereafter[.]" *Id.* at 5. Cheng contends that such subject lines are false and misleading because "[r]easonable recipients of these emails would believe that [Bombas] was offering a limited time sale," but Bombas instead "always planned to (1) 'extend' or reinstitute the same sale shortly after expiration, or (2) offer comparable discounts shortly after expiration and for a longer time." *Id.* at 6. Cheng seeks to represent a class of

> All Washington residents who, during the Class Period and while present in Washington, received promotional emails from Defendant with subject lines either (i) advertising '% off' discounts' (ii) stating a sale, discount, or price would end at a specified date but the same sale, discount, or price was extended upon expiration; or (iii) stating a sale, discount, or price is time limited, ending, or tethered to a holiday or event, when [Bombas] reinstated the same or comparable sale, discount, or price for a longer time.

*Id.* at 16. She avers in conclusory fashion that Bombas' acts and omissions "caused injury" to her and class members under CEMA and the CPA, and she seeks "the greater of actual damages and statutory damages of $500 per email that violates CEMA"; treble damages; pre- and post-judgment interest; an injunction prohibiting Bombas' "deceptive conduct"; and attorney's fees and costs. *Id.* at 21–22.

Cheng filed this suit in King County Superior Court on June 10, 2026. *Id.* at 1. Bombas timely removed this case to this Court, asserting diversity jurisdiction under the Class Action Fairness Act ("CAFA"). Dkt. No. 1 at 2–8. On September 14, 2026, Bombas moved to dismiss the case for failure to state a claim. Dkt. No. 25. The Court stayed this case, vacated all briefing deadlines, and deferred entry of a case schedule pending its determination of whether it has jurisdiction over this case. Dkt. No. 27.

## II. DISCUSSION

"[B]oth the Supreme Court and [the Ninth Circuit] have held that whether or not the parties raise the issue, federal courts are required sua sponte to examine jurisdictional issues such as standing." *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1035 (9th Cir. 2008) (citation modified). Removal of a civil action to federal district court is proper when the federal court would have original jurisdiction over the state court action. 28 U.S.C. § 1441(a). Although there is "no antiremoval presumption" for cases removed pursuant to CAFA, the removing party must put forth evidence establishing jurisdiction if "the court questions[] the defendant's allegation[s]." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

Moreover, as the party invoking federal jurisdiction, Bombas bears the burden of establishing the existence of a case or controversy under Article III. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *see also Tailford v. Experian Info. Sols., Inc.*, 26 F.4th 1092, 1099 (9th Cir. 2022). "Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016). Furthermore, "standing is not dispensed in gross;" rather, standing must be established "for each claim that [plaintiffs] press and for each form of relief that they seek (for example, injunctive relief and damages)." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021).

As discussed above, Cheng seeks statutory damages for each email sent in violation of CEMA, but does not identify any concrete injury. Dkt. No. 1-2 at 21–22. The Washington Supreme Court has held that "CEMA does not require a showing of injury for statutory damages to be awarded because the injury is receiving the e-mail that violates CEMA." *Brown v. Old Navy, LLC*, 567 P.3d 38, 45 (Wash. 2025). But "under Article III, an injury in law is not an injury in fact." *TransUnion*, 594 U.S. at 426–27 (citation modified). For standing purposes, therefore, a statutory violation must have "caused [a plaintiff] to suffer some harm that 'actually exist[s]' in the world;

there must be an injury that is 'real' and not 'abstract' or merely 'procedural.'" *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1112 (9th Cir. 2017) (quoting *Spokeo v. Robins*, 578 U.S. at 338). The Ninth Circuit has interpreted *TransUnion* to require a plaintiff claiming harm based on an intangible injury to show that she "has suffered a harm that has traditionally been actionable in our nation's legal system." *Popa v. Microsoft Corp.*, 153 F.4th 784, 791 (9th Cir. 2025).

It is not evident from the complaint or the notice of removal that Article III standing exists in this case.[1] Accordingly, Bombas is ordered to show cause why this case should not be remanded to state court. *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016) ("The rule that a removed case in which the plaintiff lacks Article III standing must be remanded to state court under § 1447(c) applies as well to a case removed pursuant to CAFA as to any other type of removed case.").

## III. CONCLUSION

For the reasons stated above, Bombas is ORDERED TO SHOW CAUSE by no later than October 20, 2026 why this case should not be remanded to state court for lack of Article III jurisdiction.[2] If Bombas would like to rely on its arguments in its motion to dismiss, it shall file a

---

[1] *See Samaduroff v. David Peyser Sportswear, Inc.*, No. 3:26-CV-05275-TMC, 2026 WL 2675977, at *2 (W.D. Wash. Sept. 11, 2026) (remanding CEMA/CPA case for lack of Article III standing); *Isbell v. Jonathan Adler Enterprises, LLC*, No. C25-2596-KKE, 2026 WL 2568556, at *2–3 (W.D. Wash. Aug. 31, 2026) (same); *Stutsman v. Sirius XM Radio, LLC*, No. 2:25-cv-1113-LK, 2026 WL 2445129, at *4 (W.D. Wash. Aug. 20, 2026) (same); *Rice v. Lucky Strike Ent. Corp.*, No. 2:25-CV-02467-LK, 2026 WL 2427407, at *2 (W.D. Wash. Aug. 19, 2026) (same); *Aronson v. 5 Star Apparel LLC*, No. C25-2691JLR, 2026 WL 2332885, at *2–3 (W.D. Wash. Aug. 4, 2026) (same); *Hutton v. Papa John's USA, Inc.*, No. C25-1922-KKE, 2026 WL 2210133, at *2–3 (W.D. Wash. July 31, 2026) (same); *Nuri v. True Religion Apparel*, No. 2:25-CV-00690-LK, 2026 WL 864886, at *3–4 (W.D. Wash. Mar. 30, 2026) (same); *Montes v. Catalyst Brands LLC*, No. 2:25-CV-0281-TOR, 2025 WL 3485827, *2–3 (E.D. Wash. Dec. 4, 2025) (same); *see also Smith v. Lane Bryant Brands Opco LLC*, No. CV SAG-25-03766, 2026 WL 1745684, at *2 (D. Md. June 17, 2026) (same with respect to analogous Maryland law); *Carter v. Vineyard Vines, LLC*, No. CV ELH-25-3178, 2026 WL 1429258, at *14–26 (D. Md. May 21, 2026) (same with respect to analogous Maryland law).

[2] Bombas argues in its motion to dismiss that, in the alternative to dismissing this case, the Court should "stay this action pending the Ninth Circuit's resolution of the appeals in *Montes v. Penney OpCo*, Nos. 25-8045, 26-241 (9th Cir. 2026) ('*Montes II*') . . . and *Montes v. SPARC Group, LLC*, No. 23-35496 (9th Cir. 2026) ('*Montes I*')." Dkt. No. 25 at 4. The Court will not entertain any additional arguments regarding the propriety of a stay in response to its Order to Show Cause.

notice by October 20, 2026 identifying which portion of the motion to dismiss is responsive to this Order, along with a certification that the relevant portion does not exceed 2,800 words. Cheng may file an optional reply by October 27, 2026. Each party's brief shall contain no more than 2,800 words. Alternatively, because the record before the Court does not indicate that Article III standing exists, the parties may stipulate to remand by October 20, 2026.

Dated this 6th day of October, 2026.

Lauren King
United States District Judge